IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHRISTOPHER ONYEKA EZINNE,   *

    Plaintiff,   *

v.   *   CIVIL NO. JKB-18-2201

MARYLAND STATE DEPARTMENT
OF PUBLIC SAFETY AND   *
CORRECTIONAL SERVICES,

    Defendant.   *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM

*Pro se* plaintiff Christopher Onyeka Ezinne sued the Maryland State Department of Public Safety and Correctional Services under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Now before the Court is Defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 8.) No hearing is required. Local R. 105.6 (D. Md. 2018). For the reasons set forth below, Defendant's motion will be granted.

*I.    Legal Standard for a Motion to Dismiss under Rule 12(b)(6)*

A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. An inference of the mere possibility of misconduct is insufficient. *Id.* at 679. Courts must "accept the well-pled allegations of the complaint as true, . . . constru[ing] the facts and reasonable inferences derived therefrom in the

light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). The plaintiff may not, however, rely on naked assertions or legal conclusions. *Twombly*, 550 U.S. at 556–57. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555.

*Pro se* plaintiffs are held to a "less stringent standard[]" than lawyers, and courts construe their pleadings liberally, no matter how "inartfully pled." *Erickson v. Pardus*, 551 U.s. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nonetheless, a *pro se* complaint must still meet the "minimum threshold of plausibility" under *Twombly* and *Iqbal*. *Robb v. Md. Aviation Admin.*, Civ. No. JKB-14-1421, 2014 WL 4056030, at *3 (D. Md. Aug. 15, 2014). While *pro se* complaints "represent the work of an untutored hand requiring special judicial solicitude," district courts are not required to "conjure up questions never squarely presented to them" or to "construct full blown claims from . . . fragments." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985).

## *II. Discussion*

In this case, the allegations of the Complaint fall well-short of the "minimum threshold of plausibility." *Robb*, 2014 WL 4056030, at *3. There are precious few factual allegations in the form Complaint at all. The Court can only discern the following:

- Ezinne was "denied overtime hours worked after [his] supposed close time amounting to approximately 400 hours," and he experienced "emotional and mental stress as a result." (Compl. at 7, ECF No. 1.)
- These actions occurred on or around May 17, 2016. (*Id.* at 5.)
- Ezinne characterized the actions as both retaliation and discrimination based on his Nigerian national origin. (*Id.*)

2

- And, he filed a charge with the Equal Employment Opportunity Commission (EEOC) and received a right-to-sue letter on May 8, 2018. (*Id.* at 6.)

The Court cannot infer from these scant details that Ezinne experienced illegal treatment that violated Title VII or that the Defendant is liable for it, *Iqbal*, 556 U.S. at 678, even under the most liberal construction. While a refusal to pay wages owed could constitute an adverse action under Title VII, *see* 42 U.S.C. § 2000e-2(a)(1) (prohibiting discrimination with respect to compensation), Ezinne's allegations that this wage theft was motivated by discrimination based on his national origin and/or by impermissible retaliation are conclusory, at best. There is simply insufficient factual detail for an inference of liability to be anything more than bald speculation.

As part of the Court's duty to liberally construe *pro se* pleadings, the Court has discretion to consider new allegations made by a *pro se* plaintiff in response to a motion to dismiss, even though, ordinarily, a party cannot amend its pleading through its briefs. *Arije v. Pointcross Life Scis.*, Civ. No. JKB-18-3119, 2019 WL 652426, at *3 (D. Md. Feb. 15, 2019). But, Ezinne failed to provide any further factual development in his responsive filing. In response to the motion, Ezinne filed a short, four-sentence document[1] asking that the case not be dismissed and presenting only a single argument: that "[a]ccording to the EEO[C] findings and summary" attached to his Complaint, the Defendant "was found not completely in compliance in this case/matter." (ECF No. 11.) This appears to be a reference to the EEOC right-to-sue notice, but Ezinne's characterization of that document is a misreading of its findings. The notice actually states that the EEOC was "unable to conclude" that any violation occurred. (Notice, at 1, ECF No. 1-1.) While this finding did "not certify that the [Defendant] [was] in compliance with the statutes" (*id.*), neither does it certify that the Defendant was *not* in compliance. Furthermore, even if the EEOC

---

[1] The document was labeled a "counter motion," but the only relief it sought was denial of the motion to dismiss. Accordingly, it is more in the character of a response.

3

had found non-compliance, the agency's determination would not substitute for Ezinne's obligation under Rule 8 to plead sufficient factual content to state a claim. Fed. R. Civ. P. 8(a).

In response to Ezinne's statement that he had not "receive[d] a copy of the [Defendant's] answer"[2] (ECF No. 11), the Court ordered the Defendant to serve its motion by mail and email and provided Ezinne with an additional opportunity to file a response. (ECF No. 12.) The Defendant certified service by mail to the address listed on Ezinne's Complaint on January 31, 2019. (ECF No. 14). Ezinne filed no further response.

The Court regrets that Ezinne failed to provide sufficient factual details for the Court to review the merits of his claim. Under the circumstances, however, the Court has no choice but to dismiss the Complaint.

### III. Conclusion

For the foregoing reasons, an order shall enter granting Defendant's motion to dismiss.

DATED this 17 day of May, 2019.

BY THE COURT:

/s/ James K. Bredar

James K. Bredar
Chief Judge

---

[2] The Defendant had not filed an Answer by that point, nor was it obligated to have done so. Fed. R. Civ. P. 12(a)(4).

4